UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **PEGASUS LABORATORIES INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No: ____ |
| | ) |
| | ) |
| **MY DOG HAS FLEAS LLC,** | ) |
| | ) |
| | ) |
| **VACCINATION SERVICES OF CALIFORNIA** | ) |
| a.k.a **VACCINATION SERVICES INC.,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **SEAN GERSON, an individual,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Pegasus Laboratories Inc. ("Pegasus"), by and through its undersigned counsel, respectfully submits this Complaint against Defendants, My Dog Has Fleas LLC ("MDHF"), Vaccination Services of California also known as Vaccination Services Inc., ("VS"), Sean Gerson ("Gerson" and collectively with MDHF and VS, "Defendants"), and avers as follows:

## NATURE OF THE CASE

1. In 1996, after many years of research and development, Pegasus introduced to the public an innovative veterinary pharmaceutical product — phenylpropanolamine hydrochloride — for the treatment of canine urinary incontinence, which Pegasus manufactures, markets and sells under the federally registered trademark PROIN® ("PROIN®"). As an innovative drug in the veterinary pharmaceutical field, PROIN® is available only on a prescription basis through

- 1 -

licensed veterinarians and comes in an easy-to-administer chewable tablet form. PROIN® has been well received by veterinarians and consumers alike.

2. Defendants, seeking to capitalize on Pegagus' reputation for high quality and ethical veterinary pharmaceutical products and the success of Pegasus' PROIN® product, are advertising, promoting, distributing, selling and offering for sale without prescriptions an identically named product, "PROIN" ("PROIN"). Defendant MDHF promotes and advertises "PROIN" as a purported generic equivalent to Pegasus' PROIN® product. Upon information and belief, Defendants' "PROIN" has not been evaluated or approved by the United States Food and Drug Administration ("FDA") for the treatment of canine incontinence. Indeed, Pegasus' PROIN® is the only FDA-approved phenylpropanolamine hydrochloride pharmaceutical approved for the treatment of canine incontinence.

3. Through MDHF's interactive Internet presence, and with the Internet's concomitant ability to reach instantly millions of online consumers throughout the United States, including Florida, Defendants' have consciously and deliberately attempted to create a false impression of identification, association or sponsorship between Defendants' spurious product and Pegasus' innovative drug, and to diminish the distinctiveness of Pegasus' PROIN® trademark.

4. Pegasus seeks injunctive and monetary relief with respect to Defendants' deliberate scheme to mislead and confuse consumers about the source, sponsorship, and affiliation of their product and from trading upon the goodwill of Pegasus' registered trademark PROIN®, through the use of the identical name "PROIN." Such misappropriation of the goodwill that Pegasus has developed in its PROIN® trademark constitutes, among other things, trademark infringement and trademark counterfeiting in violation of the Lanham Act, 15 U.S.C.

§ 1114; false designation of origin and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement and unfair competition under Florida law; and misleading advertising and deceptive trade practices under Florida Statutes, Fla. Stat. Ann. §§ 501.204 and 817.41.

## THE PARTIES

5. Pegasus is a Missouri corporation with a principal place of business (including its marketing, research and management operations) located at 8809 Ely Road, Pensacola, Florida 32514. Among other things, Pegasus develops, manufactures, and distributes veterinary pharmaceuticals products in the United States under the PRN® Pharmacal brand name.

6. Pegasus is a subsidiary of the PBI-Gordon Corporation, and is one of the nation's most highly regarded manufacturers of animal health products.

7. Upon information and belief, MDHF is a Florida limited liability company with a principal place of business located at 2822 54th Avenue, Saint Petersburg, Florida 33712.

8. Upon information and belief, Sean Gerson is an individual residing in Orange County, California, and a purported officer of Defendant VS.

9. Upon information and belief, VS is a California corporation located at 23615 El Toro Road, X-152, Lake Forest, California 92630 or, alternatively, 25255 Cabot Rd Suite 113, Laguna Hills, CA 92653-5507.

10. Pegasus is informed and believes that Gerson is a shareholder, officer, and director of VS. Upon further information and belief, there existed, at all times mentioned herein, a unity of interest in ownership between Gerson and VS such that any individuality and separateness between Defendant Gerson and VS has ceased and that VS is the alter ego of Gerson, in that VS was conceived, established, intended and used by Gerson as a device to avoid

individual liability. Upon further information and belief, Gerson controls and directs the activities of VS, including the infringement discussed herein.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a trademark dispute that arises under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

12. This Court has personal jurisdiction over MDHF because, among other things: (a) MDHF maintains and operates a website that is accessible to residents of the State of Florida through which it actively advertises and promotes the infringing products; (b) MDHF has purposefully availed itself of the benefits and protections of Florida law by doing and transacting business in this forum; and (c) MDHF has extensive, systematic, and continuous contacts with this forum, as it is a Florida limited liability company and is therefore "at home" in this State.

13. This Court has personal jurisdiction over VS and Gerson because, among other things, VS and Gerson have purposefully availed themselves of the benefits and protections of Florida law by doing and transacting business in this forum, including but not limited to, by fulfilling purchase orders on behalf of MDHF that emanate from this forum.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims in this action occurred in this judicial district, and/or because Defendants actively promote, advertise, offer for sale, sell and distribute the infringing pharmaceutical products in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Pegasus' PROIN® Brand

15. Pegasus is one of the United States' leading animal health care companies that, among other things, develops, manufactures, promotes and sells ethical veterinary drugs that are

sold throughout the United States under its PRN® Pharmacal brand name. Pegasus has invested enormous sums of money in research and development to establish and bring to market a wide variety of innovative veterinary pharmaceuticals and other animal health products and in the process has created a national reputation for the high quality and effectiveness of its products.

16. Pegasus expended substantial and extensive resources on research and development of a drug having the generic chemical name phenylpropanolamine hydrochloride, for use as oral therapy to control canine urinary incontinence. Canine urinary incontinence is a common medical condition that affects thousands of dogs each year. The availability of Pegasus' PROIN® phenylpropanolamine hydrochloride, administered as a chewable tablet, represents a significant breakthrough in the veterinary pharmaceuticals field.

17. Pegasus also owns the federally registered trademark, PROIN® (U.S. Trademark Registration No. 2,915,487), relating to its phenylpropanolamine hydrochloride pharmaceutical product. Pegasus' federal registration for PROIN® is valid, subsisting, incontestable, and in full force and effect. Pegasus' registration evidences its exclusive rights to use the PROIN® trademark in connection with its phenylpropanolamine hydrochloride product. A copy of this registration is attached hereto as Exhibit A and is incorporated herein by reference.

18. Pegasus has also expended significant capital and has devoted substantial amounts of time and money to the design, manufacturing, production, marketing and promotion of its PROIN® branded phenylpropanolamine hydrochloride.

19. Pegasus' PROIN® branded phenylpropanolamine hydrochloride is currently the only FDA-approved version of phenylpropanolamine hydrochloride for the treatment of canine urinary incontinence, and is only available by prescription. *See* Exhibit B.

20. Pegasus has continuously and extensively used, advertised, promoted and sold PROIN® product in commerce throughout the United States since August 6, 1996. Pegasus has invested a significant amount of money in advertising its PROIN® product. As a result, the PROIN® trademark constitutes a valuable asset in the advertising and sale of Pegasus' veterinary pharmaceutical products to the public.

21. As a consequence of Pegasus' continuous and extensive use, advertising, marketing and promotion of the PROIN® brand and of the pharmaceutical products bearing the PROIN® trademark, PROIN® is distinctive of Pegasus' canine incontinence pharmaceutical products and has a strong secondary meaning.

22. A depiction of Pegasus' PROIN® drug product is shown below:



23. The PROIN® trademark is universally recognized and relied upon as identifying Pegasus as the sole source of the drug, and as distinguishing Pegasus' product from the goods and services of others. As a result, the PROIN® trademark has acquired substantial goodwill and is an extremely valuable commercial asset.

24. Accordingly, Pegasus' PROIN® trademark qualifies for the broadest scope of protection from infringement and unauthorized use available under law.

**Defendant My Dog Has Fleas' Website**

25. Upon information and belief, MDHF, promotes, offers for sale, sells, and/or facilitates the sales of, a drug product in capsule form named "PROIN" via its website: http://mydoghasfleas.xyz/proin__phenylpropanolamine_ (last visited April 14, 2016), screenshots of which are attached hereto as Exhibit C.

26. MDHF states on its website that its "PROIN" capsules are generic PROIN® chewable tablet products.

27. Specifically, MDHF's website offers the following "PROIN" capsules, without requiring a prescription:

    (i)    PROIN (phenylpropanolamine) 25MG X 180CT CAPSULE ($100.00);

    (ii)    PROIN (phenylpropanolamine) 50MG X 180CT CAPSULE ($110.00);

    (iii)    PROIN (phenylpropanolamine) 75MG X 180CT CAPSULE ($130.00);

    (iv)    PROIN (phenylpropanolamine) 25MG X 60CT CAPSULE ($38.00);

    (v)    PROIN (phenylpropanolamine) 50MG X 60CT CAPSULE ($40.00);

    (vi)    PROIN (phenylpropanolamine) 75MG X 60CT CAPSULE ($47.00)

*See* Exhibit C.

28. Upon information and belief neither MDHF nor any other Defendant has received approval from the FDA or any other federal or state agency to distribute or sell generic phenylpropanolamine in the United States. In the absence of such approval, Defendants' sales of this drug are unlawful.

29. MDHF's website claims that the products advertised on its website are sold and shipped by Defendant VS, with whom MDHF is affiliated. *See* Exhibit C.

30. MDHF's website also claims that VS is not a dispensing pharmacy, but is purportedly comprised of veterinarians. *See id*.

**Pegasus' Investigation of Defendant My Dog Has Fleas' Spurious "PROIN" Product**

31. On or about February 23, 2016, at Pegasus' request, an investigator purchased three bottles of 50 mg "PROIN" from MDHF, which are advertised on MDHF's website as containing 60 capsules each. The corresponding sales receipt from MDHF is attached hereto as Exhibit D.

32. On or about February 29, 2016, the investigator received a single bottle from VS and/or Gerson, containing 180 capsules and bearing the label "PROIN 50 MG," as depicted below:



*See* Exhibit E.

33. Upon information and belief, the "PROIN" label depicted above was created by VS and/or Defendant Gerson.

34. The bottle of drugs bearing the "PROIN" name was shipped in interstate commerce by VS and/or Gerson and lists a return address of "Vaccination Services, 23615 El Toro Road, X-152, Lake Forest, CA 92630." *See* Exhibit F.

35. Upon information and belief, the chemical composition that Defendants are selling is, in fact, PPA – simply in capsule form.

**Defendants' Infringement of the PROIN® TRADEMARK**

36. Pegasus' PROIN® trademark is a unique and distinctive identifier of the source of Pegasus' high quality veterinary pharmaceutical products.

37. Defendants' use of "PROIN" infringes on Pegasus' exclusive rights in its PROIN® trademark.

38. Defendants' use of the PROIN® trademark is willful, deliberate and without authorization. By infringing Pegasus' PROIN® trademark, Defendants intend to promote, distribute and sell their pharmaceutical product that is purportedly the generic, phenylpropanolamine hydrochloride, in a way that is intended to cause, and will cause, a likelihood of confusion among consumers.

39. By using Pegasus' PROIN® trademark, Defendants intend and are likely to suggest falsely to consumers that some connection exists between their spurious "PROIN" product and Pegasus' PROIN® branded drugs.

40. Further, Defendants' promotion, advertising, distribution, sale and/or offering for sale of the "PROIN" capsules together with Defendants' use of other indicia associated with Pegasus' PROIN® chewable tablet product, including its purported ability to sell phenylpropanolamine, a regulated drug is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' goods, or is intended, or is likely to cause such parties to believe in error that Defendants' "PROIN" products have been authorized, sponsored, approved, endorsed or licensed by Pegasus, or that Defendants are in some way affiliated with Pegasus.

41. Defendants' actions have been deliberate, willful and intentional, undertaken in bad faith and with the intent of trading on the goodwill and reputation of Pegasus and its

distinctive PROIN® brand, and with full knowledge of, and in conscious disregard of Pegasus' rights.

42. Defendants have been engaging in the above-described illegal counterfeiting activities knowingly and intentionally.

43. Defendants' unlawful actions are having and will continue to have a substantial and adverse effect on commerce in the United States.

## COUNT I
## Federal Trademark Infringement (15 U.S.C. §1114)

44. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

45. Defendants have infringed Pegasus' rights in the PROIN® trademark by, among other things, using in commerce the identical and confusingly similar name "PROIN" in connection with the promotion, advertising, sale, offering for sale, and distribution of their purportedly lawful generic phenylpropanolamine hydrochloride pharmaceutical product.

46. Defendants' use of the identical name "PROIN" is confusingly similar to Pegasus' PROIN® trademark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public as to the origin or affiliation of Defendants' goods.  Further, Defendants' use of the identical name "PROIN" has deceived, and/or is likely to continue to deceive, the public into believing that the goods promoted, sold and/or distributed by Defendants emanate from, or are associated with, Pegasus and its goods, all to the damage and detriment of Pegasus' reputation, goodwill and sales.

47. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Pegasus' expense.

48. Defendants' actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49. Defendants' actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

50. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

## COUNT II
### Trademark Counterfeiting (15 U.S.C. § 1114)

51. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

52. Defendants, intentionally and without authorization from Pegasus, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, Pegasus' PROIN® trademark.

53. Defendants' use of the identical name "PROIN" is confusingly similar to Pegasus' PROIN® trademark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public, and/or is likely to continue to deceive, the public into believing that the goods promoted, sold and/or distributed by Defendants are Pegasus' PROIN® products and/or otherwise authorized or licensed by Pegasus.

54. Defendants' actions constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Pegasus' expense.

56. Defendants' actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

57. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

## COUNT III
## Federal False Designation Of Origin and False Advertising (15 U.S.C. § 1125(a))

58. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

59. By misappropriating and using the identical and therefore confusingly similar "PROIN" name, Defendants have falsely designated and falsely represented that the goods they promote, advertise, offer for sale, sell and/or distribute originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Pegasus, who owns a federal registration for its PROIN® trademark.

60. Defendants' promotion, advertising, distribution, sale and/or offering for sale of its purportedly generic product, together with Defendants' use of other indicia associated with Pegasus' PROIN® branded product, is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' goods, or is intended, or is likely to cause such parties to believe in error that Defendants' "PROIN" products have been authorized, sponsored, approved, endorsed or licensed by Pegasus, or that Defendants are in some way affiliated with Pegasus.

61. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Pegasus' expense.

62. Defendants' actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendants' actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

64. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

## COUNT IV
### Trademark Infringement
### (Florida Common Law)

65. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

66. Defendants have infringed Pegasus' rights in the PROIN® trademark by, among other things, using in commerce the identical and confusingly similar name "PROIN" in connection with the promotion, advertising, sale, offering for sale, and distribution of their purportedly generic pharmaceutical product.

67. Defendants' use of the identical name "PROIN" is confusingly similar to Pegasus' PROIN® trademark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public as to the origin or affiliation of Defendants' goods and has deceived, and/or is likely to continue to deceive, the public into believing that the goods promoted, sold and/or distributed by Defendant emanate from, or are associated with, Pegasus and its goods, all to the damage and detriment of Pegasus' reputation, goodwill and sales.

68. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Pegasus' expense.

69. Defendants' actions constitute trademark infringement under Florida common law.

70. Defendants' actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

71. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

### COUNT V
### Unfair Competition
### (Florida Common Law)

72. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

73. By misappropriating and using the identical and therefore confusingly similar "PROIN" name, Defendants have falsely designated and falsely represented that the goods they promote, advertise, offer for sale, sell and/or distribute originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Pegasus, who owns a federal registration for its PROIN® trademark.

74. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Pegasus' expense.

75. Defendants' actions constitute unfair competition under Florida common law.

76. Defendants' actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

77. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

## COUNT VI
### Deceptive Trade Practice Under Florida Law
### (Fla. Stat. Ann. § 501.204)

78. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

79. Defendants have engaged in unfair and deceptive acts or practices by misappropriating, imitating and/or copying PROIN® trademark in connection with the "PROIN" drug products they promote, advertise, offer for sale, sell and/or distribute in the state of Florida, thereby creating a likelihood of public confusion as to the source of Defendants' goods.

80. Defendants have deceptively and falsely represented to consumers that they have a right to sell generic phenylpropanolamine in commerce.

81. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Pegasus' expense.

82. Defendants' actions constitute deceptive trade practices in violation of Section 501.204 of the Florida Statutes.

83. Defendants' actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

84. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

## COUNT VII
### Misleading Advertising Under Florida Law
### (Fla. Stat. Ann. § 817.41)
### (As to Defendant My Dog Has Fleas)

85. Pegasus incorporates the allegations in paragraphs 1 through 43 as if fully set forth herein.

86. By misappropriating and using the identical and therefore confusingly similar "PROIN" name, Defendant MDHF has falsely and misleadingly designated and/or falsely and misleadingly represented that the goods it promotes, advertises, offers for sale, and/or sells originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Pegasus, who owns a federal registration for its PROIN® trademark.

87. Defendant MDHF's promotion, advertising, sale and/or offering for sale of its goods, together with Defendant MDHF's use of other indicia associated with Pegasus' PROIN® branded product, is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade in Florida.

88. Defendant MDHF's actions have been willful, deliberate, and intended to benefit Defendant at Pegasus' expense.

89. Defendant MDHF's actions constitute misleading advertising in violation of Section 817.41 of the Florida statutes.

90. Defendant MDHF's actions have caused, and will continue to cause, irreparable harm to Pegasus, and will continue to so harm Pegasus unless preliminarily and permanently enjoined.

91. Furthermore, Defendant MDHF is realizing profit and will continue to realize a profit from its unlawful actions.  Defendant MDHF's unlawful actions are causing and will cause Pegasus monetary damage in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Pegasus respectfully requests judgment against Defendants as follows:

A. Permanently enjoining and restraining Defendants and their respective officers, directors, principals, partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from:

1. Using on or in connection with the production, manufacture, advertisement, promotion, display on the Internet or otherwise, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the PROIN® mark, or any colorable imitations thereof or any mark confusingly similar thereto;

2. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Defendants' products originate with or are the products of Pegasus or that there is any affiliation or connection between Plaintiff and its products and Defendants or their products and from otherwise competing unfairly with Pegasus;

3. Using any mark in a manner so as to cause the dilution of the distinctive quality of the Plaintiff's PROIN® trademark, including, but not limited to, by using the designation "PROIN";

4. Making any false and misleading representations of material facts in advertising and promotional material, including, but not limited to, the representations that Defendants' capsule product is an alternative to Pegasus' PROIN® chewable tablets or is otherwise generic to PROIN®;

        5.      Advertising in any manner that Defendants can offer, sell or traffic in phenylpropanolamine or that they have approval to do so from the FDA or any state agency; and

        6.      Assisting, aiding or abetting any other person or business entity in engaging in or in performing any of the activities referred to in the above-referenced subparagraphs.

    B.      Directing that Defendants, at their own expense, recall all the products and marketing, promotional and advertising materials that bear or incorporate any mark or design with "PROIN" or any mark confusingly similar to the PROIN® trademark, which have been manufactured, distributed, sold or shipped by them, and to reimburse all customers from which said materials are recalled.

    C.      Directing that Defendants deliver to Pegasus' attorneys or representatives for destruction all products – including, but not limited to labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements – in their possession or under their control, bearing the "PROIN" name or any simulation, reproduction, copy or colorable imitation of Pegasus' PROIN® trademark, and all plates, molds, matrices, and any other means of making the same.

    D.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product manufactured sold or otherwise distributed or promoted by Defendants is authorized by Pegasus or related in any way to Pegasus' PROIN® product.

E.Directing Defendants to file with this Court and to serve upon Pegasus within thirty (30) days after service upon Defendants of an injunction in this action, a written report by Defendants, under oath, setting forth in detail the manner in which Defendants have complied with the injunction.

F.Awarding Pegasus as damages Defendants' profits, royalties, and revenue from their sale of their "PROIN" product under 15 U.S.C. § 1117(a).

G.Awarding Pegasus treble damages permitted by the Lanham Act, 15 U.S.C. § 1117(a) and (b), based upon Defendants' willful infringement and counterfeiting.

H.Awarding Pegasus statutory damages in an amount not to exceed Two Million Dollars ($2,000,000) per counterfeit mark per type of goods sold, offered for sale, or distributed by Defendants, as the Court considers just, pursuant to 15 U.S.C. § 1117(c)(2).

I.Awarding Pegasus its damages by reason of Defendants' acts of common law trademark infringement, unfair competition, and for deceptive trade practices under the Florida Statues, in an amount to be established at trial.

J.Awarding Pegasus its damages by reason of Defendant My Dog Has Fleas' false and misleading advertisements under the Florida Statutes, in an amount to be established at trial.

K.Awarding Pegasus punitive damages by reason of Defendants' willful, intentional and malicious acts of common law trademark infringement and unfair competition, in an amount to be established at trial.

L.Awarding Pegasus reasonable attorneys' fees, costs, and expenses pursuant to the Lanham Act, 15 U.S.C. § 1117 and Florida law.

    M.    Awarding Pegasus such further relief as this Court deems proper.

Date: April 29, 2016

                      Respectfully submitted,

By: /s/ *Robert E. Browne*
     Robert E. Browne
     Joshua Newman
     Sonia S. Shariff
     REED SMITH LLP
     10 South Wacker Drive, 40th Floor
     Chicago, IL 60606-7507
     (312) 207-1000 Telephone
     (312) 207-6400 Facsimile

/s/ *Bradford D. Kimbro*
Bradford D. Kimbro
Florida Bar No. 908002
brad.kimbro@hklaw.com
HOLLAND & KNIGHT LLP
P.O. Box 1288
Tampa, FL 33601-1288
Telephone: 813-227-8500
Facsimile: 813-229-0134

*Counsel for Plaintiff,*
*Pegasus Laboratories Inc.*